IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:20-CR-163-ALM-KPJ-1 |
| | § | |
| SHANE LUSK | § | |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Shane Lusk's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 14, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Stevan Buys.

Defendant was sentenced on December 14, 2021, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Possession of 15 of More Access Devices ("Count 2"), a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of VI, was 24 to 30 months. Defendant also entered a plea of guilty to Aggravated Identity Theft ("Count 3"), a Class E Felony. This offense carried a statutory maximum imprisonment term of two years. The guideline imprisonment range, based on a total offense level of 10 and a criminal history category of VI, was 24 months. Defendant was subsequently sentenced to 54 months imprisonment. This sentence consists of 30 months on Count 2 and 24 months on Count 3, to be served consecutively. A three-year term of supervised release was also imposed. The term of supervised release consisted of three years on Count 2 and one year on Count 3, to be served concurrently. The term of supervised release was subject to the standard

conditions of release, plus special conditions to include financial disclosure, financial restrictions, testing and treatment for substance abuse, and mental health treatment. Defendant's conditions of supervision were modified on July 17, 2023, to include a condition that he reside in a residential reentry center in a prerelease component for a period of 180-days or upon obtaining an approved residence. On August 16, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

On June 7, 2024, the United States Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #53, Sealed). The Petition asserts that Defendant violated six conditions of supervision, as follows: (1), (2) (mandatory) Defendant must not commit another federal, state, or local crime; (3) (special) Defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of the facility. If Defendant obtains a residence approved by the probation officer during the 180-day placement, Defendant shall be released; (4) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (5) (special) Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing; and (6) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise

Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #53 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) According to the Mesquite, Texas, Police Department Arrest Report, on December 4, 2023, officers were dispatched to a disturbance at a Wendy's restaurant where a male had pushed a woman. Defendant and his female companion, Kasia Martin, were located at a nearby Denny's restaurant, where it was determined that no domestic violence had occurred. While investigating the suspected assault, officers discovered warrants for Defendant and placed him under arrest. A search of Defendant's backpack revealed a laptop computer, a check making kit, mail that did not belong to him, and numerous checks with different individual's information. Once at the local jail, several credit cards were found in Defendant's property. In total, Defendant was found in possession of more than 50 checks and pieces of mail belonging to people other than himself. The police contacted some of the victims, who reported that they did not know Defendant and wished to pursue criminal charges. Defendant was charged with Failure to Identify Fugitive Intent Give False Information, Cause No. M2343717, in Dallas County Criminal Court #3. This charge was dismissed on June 3, 2024. Defendant was additionally charged with Fraudulent Use/Possession of Identifying Information at least five but less than ten items, in Cause No. F-23-42583, in the 265th Judicial District Court of Dallas County, Texas. On June 3, 2024, he plead guilty to committing this offense, and was sentenced to four years of deferred probation; (2) On October 3, 2023, Addison, Texas, police officers were dispatched to a suspicious activity call involving two males and a female pulling on vehicle door handles. Upon approaching the suspect's vehicle, a police sergeant observed what appeared to be a firearm (a black mini-Uzi pellet gun) at Derek Hodkinson's feet, who was driving. Mr. Hodkinson was arrested on several active warrants. Defendant, who was a passenger in the

vehicle, had a backpack on the front passenger floorboard, where he had been seated. Inside the backpack was Defendant's probation paperwork, wallet, and an obviously factitious Texas driver's license with a photo that resembled him. The number on the back of the license belonged to a person that was not Defendant. The female passenger was released at the scene. Officers located several burglary tools and stolen items in the vehicle; however, Mr. Hodgkinson took responsibility for those items. Defendant was subsequently arrested for Tampering with Government Records. This offense was filed under Cause No. M2310333, Dallas County Criminal Court #3. This case was dismissed on June 3, 2024. Defendant was also charged with Theft of Property More than $2,500 but less than $30,000, Cause No. F-23-10227, 265th Judicial District Court of Dallas County, Texas. Defendant plead guilty and was sentenced to 4 years of deferred probation; (3) On July 17, 2023, U.S. District Judge Amos L. Mazzant, signed an order modifying Defendant's conditions of supervision to include placement in a residential reentry center for a period of 180 days. He commenced his placement at Volunteers of America ("VOA") in Hutchins, Texas, on August 16, 2023. Defendant violated a condition of the community program by returning to VOA over an hour past his check-in time on September 13 and September 20, 2023. Additionally, he had been unavailable by phone when VOA tried to reach him. Consequently, Defendant was unsuccessfully discharged from the program on September 21, 2023; (4) On August 18, 2023, Defendant appeared at the U.S. Probation Office in Plano, Texas for his supervised released initial interview. He provided a urine sample that day, which yielded positive results for methamphetamine. A lab report from Alere Toxicology confirmed the results; and (5) and (6) On September 12, 2023, Defendant was scheduled for a dual mental health and substance abuse intake examination at 9:00 a.m. at Fletcher Counseling in Plano, Texas. He failed to make his appointment and did not call to cancel until 10:30 a.m. On September 20, 2023, Defendant was

scheduled for a dual mental health and substance abuse intake examination at 9:00 a.m. at Fletcher Counseling in Plano, Texas. He cancelled his appointment at 5:30 a.m. (Dkt. #53 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (3), (4), (5), and (6). Defendant entered a plea of true to allegations (1) and (2) of the Second Amended Petition.

Having considered the Petition and the plea of true to allegations (1) and (2), the court finds that Defendant did violate his conditions of supervised release. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty-one (21) months as to Count 2 and twelve (12) months as to Count 3, to run concurrently, with no supervised release to follow.

The court further recommends that allegations (3), (4), (5), and (6) be dismissed.

The court finally recommends that Defendant be housed in the Bureau of Prisons Facility in the El Reno, Oklahoma area, if appropriate.

**SIGNED this 8th day of July, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE